UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **ABRAHAM RICHARDSON** | ) | **PLAINTIFF** |
| | ) | |
| vs. | ) | No. 3:10- CV-229-CWR-LRA |
| | ) | |
| | ) | |
| **AMERICAN BUILDING COMPONENTS,** | ) | |
| **AN UNINCORPORATED DIVISION OF** | ) | |
| **NCI GROUP, INC.,** | ) | |
| **AIG, AND JOHN DOES 1-15** | ) | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is American Building Components' ("ABC")[1] motion for summary judgment, supported by its memorandum of authority and rebuttal memorandum, and a response by Abraham Richardson, together with his supporting memorandum. The Court, after reviewing all submissions and the relevant law, is of the opinion that the motion be GRANTED.

**I. BACKGROUND**

On March 18, 2010, Richardson filed an Amended Bill of Complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi asserting causes of action for negligence and premises liability. See [Docket No. 1] at 8. On April 21, 2010, Plaintiff timely filed a notice of removal to this Court. *Id.*[2]

Plaintiff has been a truck driver for nearly thirty years and over the years has been responsible for making sure loads for which he contracts to transport are secure for travel. In fact, Richardson describes himself as "one of the best" independent contractors for Powell Trucking. See Exh. A to *American Building Components' Motion for Summary Judgment.* [Docket No. 22-1] at

---

[1] AIG has already been dismissed from this case. See [Docket No. 28].

[2] Although he complains that the case was removed "without any prior notice," the record reflects that Defendants provided all the notice they were required to give by serving the documents on his counsel.

28. According to the Bill of Lading for the contract under which he was working with ABC, ABC was responsible for loading the trailer while Richardson was obliged to protect the load with tarp prior to transporting it. See [Docket No. 23] at 2. Richardson alleges that on August 15, 2007, he arrived at ABC's loading facility and while performing his duties, he fell off a truck and suffered serious injuries because of Defendant's failure to warn of an impending danger. That impending danger being the loosely stacked boxes that ABC had placed in the trailer. Answer to Memorandum of Motion for Summary Judgment [Docket No. 24] at 4. Plaintiff states that because of the way in which the boxes were stacked, he was careful and looked backwards as he was holding the grip of the tarp and stepped backwards onto a nearby box. *Id.* The box shifted under his feet causing him to fall. As on prior occasions that Richardson picked up loads from ABC, ABC did no provide Richardson with any material to be used to secure and protect the load nor did it provide instructions to Richardson on how to secure the load. [Docket No. 22-1] at 100, 139. Richardson that on those prior occasions it is his job to put the tarp on the loaded body of the truck. He received no instructions on how to do his job nor did he receive any warnings about how the load was stacked, and he notes that he transferred the previous loads without incident .

On this occasion, however, he claims that he was entitled to a warning to exercise greater caution than usual when securing the tarp because the boxes within the load were not completely full and could shift easily. *Id.* at 5-6. Specifically, he alleges that had he known the boxes were not completely full, he would not have stepped on the top box, as he had done on many previous occasions without incident, and suffered injury. *Id.*

## II. LEGAL STANDARDS

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When confronted with these motions, this Court focuses on "genuine" issues of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726, at *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it is one which might effect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be considered. *Id*. Furthermore, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

Once the movant shows the court that it is entitled to judgment as a matter of law, the burden shifts to the resisting party to show why summary judgment is not proper. *Id*. As explained further by the Court in *Walker v. J.E. Merit Constructors, Inc.*:

> The non-movant is then obligated to present competent evidence setting forth **specific** facts to illustrate the existence of a genuine issue of material fact for trial. . . .The resisting party may not create a genuine dispute simply by alleging that a dispute exists . . . 'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth **specific** facts showing that there is a genuine issue is for trial. . . .'

707 F.Supp. 254, 257 (S.D. Miss 1988)(citation omitted)(emphasis added).

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and not make any credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. The Dept. of Army*, 414 F.Supp.2d 625, 628 (S.D. Miss. 2005). This Court is ever mindful that although a useful

3

device, summary judgment "must be employed cautiously because it is a final adjudication on the merits. *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989). However, some cases, such as this one, are well suited for summary disposition. *See*, *e.g.*, *Royal Beach Hotel, LLC v. Crowley Liner Services, Inc.*, 2007 WL 1499815, at *3 (S. D. Miss. 2007)(granting summary judgment where court found as a matter of law defendant did not breach duty owed to plaintiffs); *Avata*r *Exploration, Inc. v. Chevron, U.S.A. Inc.*, 933 F.2d 314, 320 (5th Cir. 1989)(granting summary judgment in case involving a dispute of lease agreement); and *FDIC v. Int'l Prop. Mgt., Inc.*, 929 F.2d 1033, 1039 (5th Cir. 1991)(employing summary judgment in determining whether, under Texas law, assignment of rent clause in deed gave mortgagee an immediate right to rents upon mortgagor's default).

### III. JURISDICTION

This Court has original jurisdiction based on diversity of citizenship of the parties. See, 28 U.S.C. § 1332. Since the alleged negligence occurred in the State of Mississippi, the court applies the substantive law of Mississippi to the dispute. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### III. ANALYSIS

Generally, under Mississippi law, the owner of a premises has a duty to exercise reasonable care to keep its premises in a reasonably safe condition for business invitees. *Coho Resources Inc. v. McCarthy* 829 So.2d 1, 11 (Miss. 2002). According to Mississippi law, there are three theories a plaintiff can use to support a premises liability claim: (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant did not cause, but defendant failed to adequately warn plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably. *Pyron*

4

*v. Piccadilly Restaurants*, *LLC*, 2010 WL 2683618 *1 (N.D. Miss. July 2, 2010).

The general rule, however, does not automatically extend to the employees of independent contractors. See, *Coho Resources Inc*. 829 So.2d at 11; and *Ratcliff v. Georgia Pacific Corp*., 916 So.2d 546, 549 (Miss. App. 2005). Here there is no dispute that Richardson was an independent contractor. See, [Docket No. 22-1] at 79. A premises owner does not have a duty[3] to protect the independent contractor or his employees from dangers arising out of or intimately connected with the work to be performed by the independent contractor. *Ratcliff*, 916 So.2d at 549. Furthermore, the owner does not have a duty to warn the independent contractor or his employees if the independent contractor is aware of the danger. *Id*. Hence, where there is no duty to do something or refrain from doing something, there is no negligence when the alleged duty is breached. See, *Spotlite Skating Rink, Inc. v. Barnes*, 988 So.2d 364, 368 (Miss. 2008)(to prove a claim of negligence a party must first establish that a duty existed; then it must demonstrate a breach of that duty, causation and injury). *See also*, *Foster v. Bass*, 575 So.2d 967, 972 (Miss. 1990)(in negligence claim, only after proving duty and breach of duty should the court proceed to examination of proximate cause and damages).

Richardson admits that he was an independent contractor [Docket No. 23 at 2], yet argues that ABC is liable for the injuries he suffered because it failed to warn him of the danger associated with the load stack.[4] He also admits that he had secured loads in the past at Defendant's facility without incident, but points out that during those times, all of the boxes contained building materials

---

[3] "The existence of a duty is a question of law, not fact, and must therefore be decided by the court, not the jury." *Royal Beach Hotel*, 2007 WL 14999815, at *4, *citing*, *Rein v. Benchmark Constr. Co.*, 865 So.2d 1134, 1143 (Miss. 2004); and *Foster v. Bass*, 575 So.2d 967, 972 (Miss. 1990).

[4] In Richardson's Amended Bill of Complaint filed in the circuit court, he alleged the boxes were "negligently stacked." He appears to have abandoned this argument in his response. Assuming *arguendo* that he has not abandoned this argument, since a duty has not been established, any such argument would also fail.

and were "packed accordingly." [Docket No. 24 at 4]. Therefore, because of ABC's failure to warn on the relevant day that some of the boxes were packed with lighter building supplies and also stacked in a way where he could not appreciate the danger, he suffered injury when stepped on the top box which could not support his body weight. The court hereby rejects Richardson's contention that a duty existed. ABC was under no duty to give a warning to Richardson.

To the extent that there was a danger, that danger arose out of or was intimately connected with his duties as a truck driver for Powell trucking, thus ABC owed no duty to warn. The Court finds that Richardson's position is strikingly similar to the position urged by the plaintiff in *Ratcliff, supra,* which the Mississippi Court of Appeals rejected. There, a truck driver, suffered severe injuries while trying to pick up and secure a load of particle board for his employer. Ratcliff argued that Georgia Pacific negligently required him to climb on top of the particle board; negligently required him to cover the load with "slippery" clear plastic without the proper safety gear and that Georgia Pacific was negligent for failing to provide him with a safe working environment. The *Ratcliff* court held that because Ratcliff indicated awareness of the danger through his testimony regarding prior experience securing similar loads under the same conditions, Georgia Pacific was relieved of any duty to warn. Having found that Ratcliff was an independent contractor, however, the *Ratcliff* court further held there was no duty to warn as the task of securing a load to his employer's truck was intimately connected to the work his employer contracted to perform. *Ratcliff*, 916 So.2d at 546.

In the case *sub judice*, Richardson admits that during the relevant time period he was an independent contractor and his duties included making sure the loads were secure for travel. [Docket No. 24], at 4-5. There is no dispute that his injury occurred when he attempted to secure the load. He has presented no evidence indicating that ABC subjected Richardson to its control while

6

performing this undertaking. In fact, Richardson does not even suggest that ABC provided him with any materials to assist as was the case in *Ratliff* or that ABC sought to oversee Plaintiff when he attempted to secure the load. Thus, it is apparent that Richardson's injury arose out of and was intimately connected with his duties as an employee of an independent contractor. Moreover, Richardson knew of and appreciated the alleged danger. In fact, he tried to be "careful and looked backwards as he was holding the grip of the tarp." [Docket No. 24], at 4. He, however, was not careful enough. Richardson has failed to prove that ABC was under a duty to warn of a perceived danger; therefore, as a matter of law, ABC is entitled to summary judgment.

While the Court sympathizes with Richardson's hardship, he does little more than impress upon the Court that he failed to take reasonable care in exercising his job duties. Accordingly, Richardson's claims against ABC fail as a matter of law.

## V. CONCLUSION

Defendant American Building Components' Motion for Summary Judgment is **GRANTED**.

SO ORDERED, this the 22nd day of April, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE